# In the United States Court of Federal Claims

No. 17-1168C

(Filed: September 30, 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANTOINE FORD, | * |
| Plaintiff, | * Judicial Review of Board for Correction of Naval Records; Cross-Motions for Judgment on the Administrative Record; Military Disability Retirement and Incapacitation Pay. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Jason W. Manne*, Manne Law Office, Pittsburgh, Pennsylvania, for Plaintiff.

*Douglas T. Hoffman*, with whom were *Joseph H. Hunt,* Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Douglas K. Mickle*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Jonathan Dowling*, LCDR, JAGC, USN, General Litigation OJAG (Of Counsel), for Defendant.

OPINION AND ORDER

WHEELER, Judge.

In this case, Plaintiff LCDR Antoine Ford, a retired member of the U.S. Navy Reserve, seeks medical disability retirement benefits as well as incapacitation benefits (also known as Line of Duty or LOD benefits) he maintains are due him as a result of injuries incurred during his service.  LCDR Ford seeks review of a decision of the Board for Correction of Naval Records (BCNR) which determined he was ineligible for disability retirement benefits.  He also challenges the subsequent denial of his incapacitation benefits claim by the Navy for failure to submit adequate documentation.  In addition, he challenges the Navy's 2016 denial of LOD benefits for back and PTSD injuries.  The parties have each moved for judgment on the administrative record pursuant to Rule 52.1 of this Court.

In addition, the Government has moved to dismiss LCDR Ford's claim for incapacitation benefits beyond the first six months of that program on the grounds that this Court is without jurisdiction over extended benefits.

Background

Claims for military disability retirement are governed by Department of Defense Instruction ("DoDI") 1332.38, and those regulations have been tailored for the Navy by Secretary of the Navy Instruction ("SECNAVINST") 1850.4E. Under those regulations, a Reservist such as LCDR Ford may be eligible for disability retirement if a Physical Evaluation Board determines he is not "fit" to continue naval service. "Fit" is defined as "based on evidence that establishes that the member is reasonably able to perform the duties of his or her office, grade, rank or rating, to include duties during a remaining period of Reserve obligation." SECNAVINST 1850.4E ¶ 2033. It is noted that a finding of fit includes "the understanding that the mere presence of a diagnosis is not synonymous with a disability." Id. Incapacitation benefits are available prior to retirement and are governed by 37 USC § 204(g)–(h). They are available to currently serving Reservists who are physically disabled as the result of an injury incurred in the line of duty. They can include health care benefits and active duty pay, with adjustments for civilian employment income.

LCDR Ford entered service with the U.S. Navy Reserve in July 1989, and served a total of 20 years and 10 months of qualifying service, making him eligible for placement on the Reserve Retirement List.[1] He served successfully without incident until 2014. During that year he was mobilized and sent to Djibouti to support operations there. Although he initially received a positive fitness report, he then took an unauthorized trip to Ethiopia and while he was away, there was a terrorist bombing in Djibouti City. Due to his unauthorized absence during an emergency, he was given a written reprimand and 30 days restriction. Shortly afterwards, he was returned to the United States and received an adverse fitness report.

After his return to the United States, LCDR Ford sought medical treatment for shoulder and back pain. He also complained of adverse effects of witnessing death and trauma while deployed. He had surgery on his right shoulder in October 2014, and was found fit for duty ("cleared for full duty and demobilization from orthopedics standpoint") in November 2014. He later returned to medical to complain about his treatment, and raised new complaints about his back and mental health. In January 2015, he was released from active duty and placed back into reserve status. In 2015 LCDR Ford continued to complain of shoulder pain, and in March 2015 he applied for LOD benefits. Also in 2015, the Navy held a Board of Inquiry and recommended that LCDR Ford be retired based on his substandard performance, which was approved by the Assistant Secretary of the Navy (Manpower and Reserve Affairs) on February 18, 2016, effective March 1, 2016.

---

[1] Except as otherwise noted, the facts in this Background section are taken from the BCNR Decision of September 25, 2018. Dkt. No. 23.

On March 15, 2016, 15 days after LCDR Ford was retired, the Navy issued an approval letter for LCDR Ford's LOD benefits for the period from January 2015 through September 14, 2016 for "right shoulder impingement."  Administrative Record (AR) 14-16.  The letter also directed that as part of the LOD process, a medical board be convened unless LCDR Ford was determined to be fit for duty.  Id. 14.  On March 29, 2016, the Navy issued a related letter denying LOD benefits for LCDR Ford's back and PTSD conditions, ruling that submitted documents did not support the claim that these were incurred or aggravated in the line of duty.  AR 17.  LCDR Ford reports that he never received a copy of the letter denying LOD for his back and PTSD claims, which although not addressed to him, by its terms requires that the member receive a copy by certified mail, with return receipt retained. Id.  There seems to be no such proof of service in the record.  The approval for LOD benefits for his shoulder injury came significantly later than required by the LOD regulations, which required an interim LOD determination be made by the Navy within 30 days of the date the injury was reported.  See Opinion of Office of Legal Counsel to BCNR, citing DODI 1241.1, May 30, 2011.  AR 1361–62.

LCDR Ford subsequently filed an application with the BCNR to rescind his retirement in order to participate in the Line of Duty program and to pursue disability claims.  The BCNR denied his request in a decision dated March 27, 2017, finding that he was properly retired and could not claim any LOD benefits.  AR 1128–29.  The Board also found him ineligible for disability benefits because he was retired for substandard performance.  LCDR Ford subsequently filed this action, claiming that he was prematurely retired before the Navy acted upon his application for Line of Duty benefits and without properly addressing his opportunity for disability processing.

This Court remanded LCDR Ford's case to the BCNR for further consideration in April 2018.  Dkt. No. 19.  On September 25, 2018, the BCNR issued their second decision in LCDR Ford's case.  Dkt. No. 23.  The Board noted that in its 2017 review, the Board had "erroneously" found LCDR Ford was not eligible for disability benefits because he had been retired for substandard performance.  However, the Board again found that he did not qualify for disability benefits because, based on his medical record, a Physical Evaluation Board would have found him fit for service.  The Board also denied LCDR Ford's request to rescind his retirement in order to allow him to participate in the LOD program, concluding that he had been properly retired despite the Navy's failure to process his LOD application in a timely manner.  However, the Board did find that because of the late approval, he was never given a chance to apply for the benefits.  Therefore, the Board concluded that the Navy's error created "an injustice warranting relief."  Id. at 5.  The Board directed the Navy to allow LCDR Ford to submit the necessary documents to establish eligibility for retroactive LOD benefits for the 14 months from his release from active duty to his retirement from the Navy Reserve.  The Board also moved his official date of retirement from March 1, 2016 to April 1, 2016.

Following the BCNR decision on remand, LCDR Ford filed with this Court a renewal of his objections to the Navy's disposition of both his disability and LOD claims. Dkt. No. 25. The parties agreed that the Navy would assign a representative to assist LCDR Ford in completing the documentation required for approval of LOD benefits, including medical records and information from civilian employment. Dkt. No. 30. However, LCDR Ford was unable to provide the required information to the Navy's satisfaction and ultimately refused to pursue it further. AR 574-78. He then obtained legal counsel in October 2019. In a Joint Status Report, Dkt. No. 57, the parties agreed that newly-appointed counsel would help with the documentation process; however, this effort ultimately proved to be unsuccessful. On January 22, 2020, the Navy denied LCDR Ford's incapacitation benefits request due to lack of documentation, citing "inconsistencies regarding the requested pay and the approved injury" as well as missing civilian earning statements. AR 13.

LCDR Ford has now filed a Motion for Judgment on the Administrative Record. He challenges the BCNR determination that he does not qualify for a military disability, and disputes the Navy's denial of his documents for LOD benefits for his shoulder injury as well as the original denial of LOD eligibility for his back and PTSD claims. The Navy has filed a Cross Motion for Judgment on the Administrative Record and a Motion to Dismiss LCDR Ford's claim for LOD benefits beyond the first six months of the period at issue, arguing that this Court lacks jurisdiction over extended LOD benefits.

<u>Arguments</u>

<u>Disability Determination</u>

LCDR Ford argues that the Board's decision to deny disability benefits was arbitrary and capricious because the Board failed to consider all relevant facts. He cites the guidelines in DoDI 1332.18, which govern disability decisions for all military retirements, and urges that the BCNR should have specifically addressed all of the unfitness criteria set out in those regulations. For example, the Board should have discussed his occupation as a Navy human resources officer and how his shoulder and back injuries might have limited his office activities. Further, the Board should have considered his deployability and readiness for active duty with a review of all of his disabilities as rated by the Veterans Administration (VA). Also, LCDR Ford maintains that the Board did not sufficiently weigh evidence that he was no longer fit for duty in the months following the November 14, 2014, fit for duty determination.

The Navy counters that LCDR Ford is trying to create a new standard of review for Board decisions regarding fitness for duty, requiring the Board to make a specific, written analysis of every factor set forth in DODI 1332.18. The Navy maintains that this approach would require the Court to go beyond a determination whether a decision is supported by

4

substantial evidence, which is the current standard. The Navy also observes that the Board did discuss many factors relating to fitness for duty. For example, the Board discussed but was not persuaded by LCDR Ford's arguments regarding his fitness for human resources duties. Further, with regard to the importance of the VA rating of his service-connected disabilities, the Navy points out that the Board discussed LCDR Ford's VA records and rating in the opinion, but was not persuaded to alter the Board's conclusions. The Navy maintains that the Board set forth substantial evidence to support its conclusions.

## Discussion

In reaching the conclusion that disability benefits should be denied, the Board "found insufficient evidence Petitioner was unfit for continued naval service due to any disability condition at the time he was released from active duty." Dkt. No. 23 at 4. In reaching its conclusions, the Board relied on advisory opinions from the Senior Medical Advisor of the Navy Council of Review Boards (CORB), the Director of CORB, and the Office of Legal Counsel of the Navy Bureau of Personnel. Rebuttal evidence from LCDR Ford was also considered. The Board cited the Senior Medical Advisor (CORB)'s opinion, which reached the same conclusion. The Board also pointed to the opinion of Director CORB which endorsed the Senior Medical Advisor opinion and stated that had Petitioner been referred to the Physical Evaluation Board, "a finding of fit to continue naval service would have been the likely result." Id. The Board described specific pieces of evidence: LCDR Ford's medical record on November 14, 2014, showed he was declared "fit for full duty" and "demobilization" from an "orthopedics standpoint" after his shoulder surgery. Id. The Board found no subsequent medical evidence to override that determination. They also found that LCDR Ford's VA rating for a 20% back disability remained the same both before and after active duty service, constituting "evidence that his back condition remained relatively static" and did not prevent performance of his duties. Id. The Board also found no evidence that LCDR Ford was unfit to serve due to mental health issues. While he was referred for various options for mental health treatment, the Board found no evidence that his condition prevented performance of his duties. The Board also noted that LCDR Ford's PTSD condition "was not determined to be service connected by the VA." Id. at 5.

When reviewing a motion for judgment on the administrative record under Rule 52.1 of this Court, the Court determines if a party has met its burden of proof based on the evidence in the record in light of all disputed facts. Anderson v. United States, 111 Fed. Cl. 572, 578 (2013). Here, the BCNR has supported its decision with specific findings based on LCDR Ford's medical record. This Court will not disturb a decision of a military corrections board unless it is "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Barnick v. U.S., 591 F.3d 1372, 1377 (Fed. Cir. 2010), citing Chambers v. U.S., 417 F.3d 1218, 1227 (Fed. Cir. 2005). If the Court finds that the board's decision was reasonable and supported by substantial evidence, it will not overturn the board's decision. Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed. Cir. 1986). Courts may

5

not "substitute their judgment for that of the military board" when reasonable minds may differ. Banerjee v. United States, 77 Fed. Cl. 522, 533 (2007). In this case, the Court finds that the BCNR decision of 2018 is reasonable and supported by the record.

LOD Benefits

LCDR Ford disputes the Navy's refusal to accept the documents he submitted in support of his LOD benefit claim for his shoulder injury. He points out that the reasons for denial in the Navy's January 22, 2020 letter are quite brief and therefore difficult to challenge. He maintains that he has substantially complied with the documentation required by the Navy, and that some information has been difficult to locate due to the Navy's delayed approval of his LOD eligibility. He also objects to the Navy's denial of eligibility for LOD benefits for his back injury and PTSD, and points out that because he was never given notice of that denial, he lost an opportunity to seek review of the decision as explained in the Navy letter of denial. AR 17.

The Navy describes a long history of attempts by LCDR Ford, working with Navy representatives, to provide information required by the Navy to assess which benefits he is entitled to receive. The form at issue is the Line of Duty (LOD) Incapacitation Pay Request, which must be completed for each month during the LOD benefit period. The Navy cited examples of "errors and discrepancies" including omission of an employer letter, missing hours, and missing pay stubs reflecting regular hours worked and hourly civilian wages. Dkt. No. 69 at 30-35.

Discussion

The Court notes that LCDR Ford's reported difficulties with securing records from 2015 and 2016 may have been partially caused by the Navy's failure to timely rule on his entitlement to LOD benefits for his shoulder injuries. Because he was denied LOD benefits by the first BCNR decision in 2017, it was not until the 2018 BCNR decision that his eligibility was clear. The Navy letter of January 22, 2020, denying award of those benefits for lack of documentation, states that an appeal of the decision can be made to the Office of the Judge Advocate General. However, because LCDR Ford is already retired, the BCNR is the more appropriate forum for an appeal.[2] It is appropriate that LCDR Ford have the opportunity to seek review of Navy decisions in the same manner he would have if the LOD process had operated according to the timing set forth by law. Similarly, LCDR Ford should have the opportunity to seek review by the BCNR of the Navy's denial of

---

[2] See the discussion of appeal of a Navy decision after retirement in the parties' Joint Status Report of October 28, 2019 (Dkt. No. 57), at footnote 2: "In the event that LCDR Ford is dissatisfied with the determination, the Navy agrees he may appeal such determination directly to BCNR (because Plaintiff is no longer on active duty) instead of appealing to the Office of the Judge Advocate General…."

LOD benefits for back and PTSD conditions, set forth in its letter of March 29, 2016, since there is no record that he received notice of that denial.  AR 17.

## Conclusion

For the reasons stated above, the Court GRANTS IN PART the Government's Motion for Judgment on the Administrative Record as to LCDR Ford's claim for military disability benefits.  The Court DENIES LCDR Ford's Motion for Judgment on the Administrative Record, and REMANDS LCDR Ford's LOD claims to the BCNR for a period of 180 days.  On remand, the BCNR is directed to reconsider LCDR Ford's documentation for his LOD shoulder injury, as well as his claim for wrongful denial of his LOD application for back and PTSD injuries.  Due to the remand, the Court DISMISSES as moot the Government's Motion for Partial Dismissal.  All pending motions not otherwise disposed of here are DISMISSED as moot.

Pursuant to RCFC 52.2, it is ORDERED (1) that this case is STAYED pending the outcome of the BCNR's review; (2) that Defendant shall file a status report every 90 days to advise the Court of the progress of the remand proceedings, and (3) that within 30 days following the BCNR decision on remand, both LCDR Ford and the Government shall file a statement with this Court indicating how they wish to proceed.

IT IS SO ORDERED.

                                                                                                s/ Thomas C. Wheeler
                                                                                                THOMAS C. WHEELER
                                                                                                 Judge